**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MAIBETHLIN ASTRID GALUE-RUJANO,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Defendants. | ) | Case No. CIV-26-342-PRW |

## ORDER

Before the Court is Petitioner's Emergency Motion to Enforce the Court's July 15, 2026 Order and for Immediate Release, and Brief in Support (Dkt. 13). For the following reasons, the Court **DENIES** the Motion (Dkt. 13).

On July 15, 2026, the Court ordered Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within seven days of the order or otherwise release Petitioner.[1] As such, Respondents had until July 22, 2026 to provide Petitioner with a hearing. On July 21, 2026, the Petitioner received a custody redetermination hearing before Immigration Judge Tyler R. Wood. Judge Wood issued his decision the next day, whereby he determined that Petitioner should remain in custody because Petitioner posed a flight risk.[2]

---

[1] Order (Dkt. 11), at 1–2.

[2] Bond Decision (Dkt. 13-1), at 2.

Petitioner argues that since the bond decision was rendered on the eighth day, he should be released from custody. But the Court's Order only required that Respondents provide Petitioner with a bond hearing within seven days, which Petitioner promptly received, and the immigration judge promptly issued a decision after that hearing. The extraordinary relief of immediate release is not warranted.

Alternatively, Petitioner challenges the substance of the hearing, asking the Court "to determine whether the proceeding supplied the justification-based hearing its Order required."[3] Essentially, Petitioner appears to suggest that the July 15, 2026 Order contemplated a bond hearing in which DHS bore the burden of proving that Petitioner presented both a safety and flight risk. That position reads much into the Order. Petitioner received a bond hearing and a prompt decision, as the Court's order mandated. If Petitioner is dissatisfied with the result of the hearing, Petitioner can raise those issues in a proper vehicle for such review.

Accordingly, the Court **DENIES** Petitioner's Motion (Dkt. 13).

**IT IS SO ORDERED** this 24th day of August 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

[3] Mot. (Dkt. 13), at 15.